# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIU LAN R. LEUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 12-11060-FDS |
| CITIZENS BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is a case alleging employment discrimination.  Plaintiff Siu Lan R. Leung, who is proceeding *pro se*, contends that she was fired by her former employer, defendant Citizens Bank, because it believed she was a Falun Gong practitioner.  (Compl. at 1).[1]  Plaintiff has also brought suit against Sunila Thomas George as commissioner of the Massachusetts Commission Against Discrimination ("MCAD").

Citizens Bank has moved to dismiss the case against it under Fed. R. Civ. P. 12(b)(5) and 4(m) for failure to properly serve the complaint.  For the reasons set forth below, the motion to dismiss will be denied.

## I.    Background

### A.    Factual Background

The complaint contains many pages of difficult-to-follow allegations.  For example, it alleges as follows:

---

[1] Plaintiff also brought suit against Robert L. Sanders as director of the United States Equal Employment Opportunity Commission ("EEOC").  That suit was dismissed in this Court's order dated November 29, 2012.

> Ginny used the CCP slogan of 'politics and religion' but blamed me of using
> 'politics and religion' when I complained about Tak.  My supervisor, Azra didn't
> allow me to speek the truth about mainland China and how CCP tried to harm
> America for she was afraid of Tak . . . . Glandy screamed aloud to someone 'the
> person who sits next to Boey with the golden hair was a No. 1 dangerous person.'
> She was referring to me and my Chinese supervisor, Sam Ku, did not say one
> thing.  I saw that he had a grim/sly smile.  He was the one creating a threaten-
> warning list with Ginny and Azra to keep me silent.  But I did not fear his word of
> godless—the characteristics of Chinese Communist culture full of hostilities, lies,
> and excuses . . . .

(Compl. at 4) (errors in original).[2]  Leung also attached 13 exhibits to her complaint, many of

which consist of excerpts from newspaper articles and religious quotations.

As best as the Court can make out, Leung alleges that she was harassed, and later fired,

by supervisors and peers at her workplace, Citizens Bank, as a result of her perceived religious

or spiritual beliefs.

Leung alleges that she was employed by the bank for more than ten years.  (Compl. at 4).

She alleges that many of her colleagues and supervisors at the bank were members of the

Chinese Communist Party.  (*Id*.).  She contends that certain colleagues and supervisors would

frequently verbally harass her and attack her faith.  (*Id*.).  She also alleges that one of her

supervisors used personal information that she provided to create a "401k email account"

without her permission (*id*.); that Citizen Bank and the Chinese Communist Party sent people to

follow her and threaten her (*id*.); and that she was terminated from her position at Citizens Bank

after she attempted to speak up about the Chinese Communist Party and the way she was being

treated.  (Compl. at 4-5).

Leung requested a review of her case by the Massachusetts Commission Against

---

[2] Plaintiff's page numbering begins multiple times at different "pages 1."  For the sake of clarity, the Court
will cite to the page numbers as they appear in the Court's page numbering at the top of the page .

Discrimination ("MCAD").  (Compl. at 5).  On July 21, 2011, a preliminary hearing was held

regarding her appeal of a finding of lack of probable cause.  (Compl., Ex. 9).  Based upon the

information presented at that hearing and the evidence before her, the investigating

commissioner, Sunila Thomas George, affirmed the earlier finding.  (*Id.*).  Leung alleges that

George "made a perjury" in the preliminary hearing and ignored the rebuttal documents she

submitted.  (Compl. at 5).[3]

The MCAD's finding was then forwarded to the EEOC.  (*Id.*).  On March 14, 2012, the

EEOC adopted the findings of the MCAD and closed its files on the case.  (Compl., Ex. 8).

**B.      Procedural Background**

Plaintiff filed a complaint in this Court on June 14, 2012.  According to Citizens, plaintiff

has never served the complaint on it.  On June 20, 2012, plaintiff made one attempt to serve

Citizens, by sending a copy of the summons, by certified mail, to Jackson Lewis, the law firm

that had represented Citizens in connection with a charge before the MCAD in July 2010.  That

mailing did not include a copy of the complaint.

Citizens alleges, and plaintiff does not dispute, that it advised her of the defects in that

attempt at service of process.  Indeed, according to the motion to dismiss and accompanying

affidavit, the bank's counsel told her what she would need to do to properly serve process.

(Kirmani Aff. ¶ 10; Exhibit D).  Plaintiff has submitted no opposition to the bank's motion, nor

has she attempted to serve process again.  In a letter to this Court dated November 13, 2012,

---

[3] The timing of these events is somewhat confusing.  Although the documentation provided in exhibit 9 to the complaint indicates that the preliminary hearing took place on July 21, 2011, Leung alleges that George ignored "rebuttal statements" that she submitted on December 10 and May 25, 2011.  (Compl. at 5).  This appears to be a typographical error.  The Court will interpret the complaint as alleging that these "rebuttal statements" were made on December 10, 2011 and May 25, 2012.

plaintiff indicated that she believes she has satisfied her service obligations.  (Kirmani Aff. ¶ 12; Exhibit E).

## II.    <u>Standard of Review</u>

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of process must be satisfied.  *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The Federal Rules of Civil Procedure set forth the acceptable methods by which service of process can be effected.   Under Rule 4(h), there are two ways in which a corporation, partnership, or association (as opposed to an individual defendant) can be served within a judicial district of the United States:  (1) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts), or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(A), (B).

Under the Massachusetts rules for service of process, service can be made in two ways: "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any; or by delivering such copies to any other agent authorized by appointment or by law to receive service of process."  Mass. R. Civ. P. 4(d)(2).

Such service must take place within 120 days after the complaint is filed or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless plaintiff can show good cause for the failure.  Fed. R. Civ. P.

4(m).

## III.    <u>Analysis</u>

The complaint in this action was filed on June 14, 2012.  The 120-day period under Rule 4(m) expired on October 12, 2012.  Thus, in order to properly serve Citizens Bank, plaintiff was required to deliver a copy of the summons and of the complaint to an authorized agent of Citizens by that time.  Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff has not done so.  According to defendant's undisputed account, plaintiff has never properly served either the summons or the complaint on Citizens.  While plaintiff did mail a copy of the summons to the office of the law firm Jackson Lewis, that service was deficient in at least two ways.  First, it did not include the complaint, as required by Rule 4(c).  Second, she had no reason to believe that the firm was authorized to accept service on behalf of Citizens, as required by Rule 4(e).

Even if plaintiff mistakenly believed at the time of the mailing that Jackson Lewis could properly be served on behalf of Citizens, she has made no effort to correct this mistake in the months that followed her initial attempt.  Indeed, six months have passed since defendant's counsel informed plaintiff that service was insufficient; during that time, plaintiff has maintained that she believes service was proper.  (Kirmani Aff. ¶ 12; Exhibit E).  Plaintiff has not shown good cause for her failure to effectuate proper service upon defendant, and the Court is therefore not obligated to extend the time for service.  *See, e.g., Henry v. Cooper Univ. Hosp.*, 2008 U.S. Dist. LEXIS 71235 (D.N.J. Sept, 17, 2008) ("a *pro se* litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process).

It is the typical practice of this Court to treat procedural missteps by *pro se* plaintiffs with

significant latitude, given that such plaintiffs often lack familiarity with the legal system. However, plaintiff's improper service in this case does not appear to be the result of a simple mistake.  Not only did opposing counsel provide plaintiff with actual notice that she had not met the requirements of Rule 4(m); it appears that counsel also provided instructions to plaintiff as to the actions she should take in order to serve process in accordance with the rule.  Plaintiff has, nonetheless, adamantly maintained that service is complete and the case should proceed.

Under the circumstances, and given plaintiff's lack of response to opposing counsel's good faith effort to inform her of the need for proper service of process, the Court will grant defendant's Rule 12(b)(5) motion.  Plaintiff's claims against Citizens Bank will be dismissed for improper service of process.

## IV.    Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 9, 2013

6