**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SIU LAN R. LEUNG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-11060-FDS |
| CITIZENS BANK, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

      This is a case alleging employment discrimination. Plaintiff Siu Lan R. Leung, who is proceeding *pro se*, contends that she was fired by her former employer, Citizens Bank, because it believed she was a Falun Gong practitioner. (Compl. at 1). Named as defendants are Citizens Bank, Robert L. Sanders (as Director of the Equal Employment Opportunity Commission ("EEOC")) and Sunila Thomas George (as a Commissioner of the Massachusetts Commission Against Discrimination ("MCAD")). (*Id.*).

      The Court's records indicate that Leung served the defendants by certified mail. Two of the three defendants filed motions to dismiss. The claims against Sanders were dismissed on November 29, 2012, and the claims against Citizens Bank were dismissed on May 10, 2013. The sole claim remaining is against Sunila Thomas George, an MCAD Commissioner.

      As to the remaining claim, Leung alleges that the MCAD has "lied, cheated and ignored [plaintiff's] actual issues as same as [her] former employer, Citizens Bank." (Compl. at p. 2). Leung contends that the MCAD, along with the EEOC, "tried their best to block [Leung's] ability to tell the facts in order to dismiss [her] case." (*Id.*). Leung also alleges that George "made a

perjury in [Leung's] preliminary hearing and ignored [her] Rebuttal Statement, a total of 64 pages, on December 2010, and May 25, 2011, a total of 13 pages. (Appeal Dismissal: Lack of Probable Investigation Disposition)." (*Id.* at p. 5). Leung asks this Court to "investigate [her] case." (*Id.* at p. 2). She seeks "compensation, and demand[s] a trial jury." (*Id.* at p. 7).

I. **Standard of Review**

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "If the court determines . . . it lacks subject matter jurisdiction, the court must dismiss the action." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). *See also In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (internal citation omitted).

Additionally, a *sua sponte* dismissal of a complaint for failure to state a claim is warranted where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) citing *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001). In screening plaintiff's complaint, the Court recognizes that *pro se* pleadings are construed generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

II. **Analysis**

Sunila Thomas George, an MCAD Commissioner, is the remaining defendant in this

action. Plaintiff complains that George entered an adverse decision as to Leung's claim of employment discrimination. The complaint fails to indicate whether the complaint is against George in her individual or official capacity. Because of this, the Court presumes that the claim is brought against her in her official capacity.

Although service upon the Commonwealth and state agencies may be accomplished by certified mail, that method is insufficient for service on an individual. Where state employees are sued in their official capacities, applicable service rules are those that govern service upon individuals, not those that govern service upon local governments. *Caisse v. DuBois*, 346 F.3d 213, (1st Cir. 2003). Plaintiff failed to comply with Mass. R. Civ. P. 4(d)(1), which provides for service on an individual by delivering a copy of the summons and of the complaint to the individual personally; or by leaving copies at the person's last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. Here, plaintiff failed to serve George pursuant to Rule 4(d)(1) and instead made service by certified mail.

However, even if George was properly served, the complaint fails to state a claim upon which relief can be granted. Under Title VII, persons who believe they have suffered employment discrimination are granted the "remedies, procedures, and rights" as set forth in 42 U.S.C. §§ 2000e-5, 2000e-16. Thus, following final action taken by an employing agency or an appeal taken to the Equal Employment Opportunity Commission ("EEOC") following an agency decision, an employee may file a civil action against the employing agency. *Id.* § 2000e-16(c). Nothing in the statute explicitly permits the employee to file suit against the EEOC or the agency based on its resolution of the employee's complaint. *Id.*

Under the administrative scheme created by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, et seq., a party generally must file her state-law based discrimination claims with the Massachusetts Commission Against Discrimination ("MCAD") and her federal-law based claims with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court. *See* 42 U.S.C. § 2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9; *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); *Andrews v. Arkwright Mut. Ins. Co.*, 423 Mass. 1021, 1021 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct).

In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, and claims filed with MCAD or the EEOC are effectively filed with both agencies. *Seery v. Biogen, Inc.*, 203 F. Supp. 2d 35, 43 (D. Mass. 2002); *see Davis v. Lucent Technologies, Inc.*, 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

To the extent that plaintiff seeks review of a finding by the MCAD, this Court is without authority to adjudicate the claim, which should be brought in state court. *See* Mass. Gen. Laws ch. 151B, § 6 (providing that any person "aggrieved by such order of the commission may obtain judicial review" and that "such proceeding shall be brought in the superior court of the commonwealth").

To the extent that plaintiff seeks damages from the MCAD because it is a state agency, such claims are barred by the Eleventh Amendment. *Welch v. State Department of Highways*, 483 U.S. 468 (1987); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Edelman v. Jordan*, 415 U.S. 651 (1974).

To the extent plaintiff seeks damages from George, as a MCAD Commissioner, she is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment has been construed by the Supreme Court to bar an action for damages against a state official in her official capacity is "'no different from a suit against the State itself.'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

The Court has no reason to infer any other basis for plaintiff's claim that might support a federal claim. While the Court must construe a *pro se* complaint liberally, it is not required to imagine any possible argument that plaintiff could have made.[1] Accordingly, the complaint against George will be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and (6) for insufficient service of process and failure to state a claim.

### III. Conclusion

For the foregoing reasons, the complaint against defendant Sunila Thomas George is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: April 2, 2014     United States District Judge

---

[1] "District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." *Terrance v. Cuyahoga County*, 2005 WL 2491531 at *1 (N.D. Ohio 2005) citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). *See McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be "less stringent" with pro se complaints). Such an exercise by the Court would " 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.' " *Terrance*, 2005 WL 2491531 at *1, quoting *Beaudett*, 775 F.2d at 1278. *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs, . . . alert party defendants that they may be individually responsible in damages. The trial and appellate courts should not have to guess at the nature of the claim asserted."). "[The] failure to identify a particular legal theory . . . places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." *Terrance*, 2005 WL 2491531 at *1.